UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KHALIL WEBB, et al.,

                Plaintiffs,

- against -

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

11 CV 3530 (JBW)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 31 2012 ★
BROOKLYN OFFICE

On July 22, 2011, plaintiffs Khalil Webb and Corey Watson brought this civil rights action pursuant to 42 U.S.C. § 1983 against the City of New York and Police Officers Jane Doe and John Does 1-10, alleging false arrest, malicious prosecution, and excessive force. On December 13, 2011, this Court held a status conference at which time the Court Ordered plaintiffs to provide medical authorizations and responses to defendants' discovery requests by December 27, 2011. On March 22, 2012, noting that plaintiffs had failed to provide mandatory disclosures and responses to defendants' discovery requests, the Court Ordered plaintiffs to comply with their discovery obligations on or before April 6, 2012. (Docket Entry #10). The Court warned plaintiffs that should they fail to provide responses, the Court would recommend that their case be dismissed for failure to prosecute. (Id.)

By letter dated April 10, 2012, defendant the City of New York indicates that "[t]o date, defendant has no received any discovery from plaintiffs." (Def.'s 4/10 Ltr.[1] at 1). Defendant

---

[1] Citations to "Def.'s 4/10 Ltr." refer to defendant's letter to the Court, dated April 10, 2012.

1

requests that the undersigned recommend dismissal of the case for plaintiffs' failure to prosecute. (Id.)

By letter dated April 17, 2012, plaintiffs' counsel, Paul Hale, indicated that he scheduled appointments with both of his clients for March 23, 2012 and March 27, 2012. (Hale 4/17 Ltr.[2] at 1). Neither plaintiff appeared. (Id.) Mr. Hale also mailed letters to both plaintiffs at their last known addresses, enclosing a copy of the undersigned's March 22, 2012 Order and indicating that plaintiffs' case was in danger of dismissal. (Id.) According to Mr. Hale, neither client has contacted him. (Id.) Mr. Hale requests only that any dismissal of his clients' cases be without prejudice. (Id.) By letter dated April 20, 2012, defendant requests that the cases be dismissed with prejudice, in light of plaintiffs' failure to prosecute. (Def.'s 4/20 Ltr.[3] at 1).

It is unclear at this point why plaintiffs have failed to respond to their attorney or to the Orders of this Court. While their lack of responsiveness may indicate a desire not to pursue their claims, it may also be due to their unavailability for other reasons. Accordingly, based on plaintiffs' failure to comply with their discovery obligations, the Court respectfully recommends that if plaintiffs do not contact their counsel or the Court within 30 days of the date of this Order, indicating their intent to pursue their claims, then plaintiffs' cases should be dismissed without prejudice for failure to prosecute. Plaintiff's counsel is Ordered to serve this Order on plaintiffs at their last known addresses.

The Clerk is directed to send copies of this Report and Recommendation to the parties

---

[2] Citations to "Hale 4/17 Ltr." refer to plaintiffs' counsel, Paul Hale's letter to the Court, dated April 17, 2012.

[3] Citations to "Def.'s 4/20 Ltr." refer to defendant's letter to the Court, dated April 20, 2012.

2

either electronically through the Electronic Case Filing (ECF) system or by mail.

SO ORDERED.

Dated: Brooklyn, New York
April 24, 2012

Cheryl L. Pollak
United States Magistrate Judge

No timely objection having been filed; submit a judgment in 30 days.
So ordered
5/31/12

3